UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO BAUER GARCIA,<br>Plaintiff,<br>v.<br>MARK BOESSENECKER, et al.,<br>Defendants. | Case No. 19-cv-00003-EMC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Docket No. 6 |

Plaintiff Perfecto Bauer Garcia has filed suit against (1) Mark Boessenecker (a superior court judge); (2) Gary A. Van Camp (a deputy district attorney or "DDA"); and (3) Michael Moore (an officer with the Napa Police Department or "NPD"). Although not entirely clear, it also appears that Mr. Garcia intended to name as defendants (4) Andrew Hess (an officer with the NPD) and (5) Kevin Marks (the Deputy Chief Building Official for Napa).

The complaint against Defendants is not always clearly pled but it appears that Mr. Garcia alleges as follows.

(1) *Judge Boessenecker.* Criminal proceedings were initiated against Mr. Garcia, apparently for an incident that took place in late 2016 in which Mr. Garcia allegedly drove his car at his neighbor Darrel Hanson. Mr. Garcia and Mr. Hanson appear to have had a longstanding feud. Mr. Garcia seems to claim that, in this incident, Mr. Hanson actually attacked and/or threatened him. According to Mr. Garcia, Judge Boessenecker discriminated against him during the trial and favored Mr. Hanson. *See* Compl. ¶¶ 12, 20. Mr. Garcia also claims that, at sentencing, the judge acted improperly against him by barring him from recording harassment by Mr. Hanson. *See also* Docket No. 1, at 22 (hearing transcript). Finally, Mr. Garcia claims that the judge

1 | violated his rights by sending him to jail for a probation violation, *see also* Docket No.
1, at 69 (hearing transcript), even though Mr. Garcia suffers from severe sleep apnea
and stage 3 kidney disease. *See* Compl. ¶¶ 6, 9.

(2) *DDA Van Camp.* DDA Van Camp was the prosecutor during the criminal proceedings against Mr. Garcia. According to Mr. Garcia, DDA Van Camp left out evidence that cast Mr. Hanson, the alleged victim, in a negative light. *See* Compl. ¶¶ 10, 20.

(3) *Officer Moore.* Mr. Garcia alleges that, after the criminal proceedings concluded and he was in jail, he asked Officer Moore to press charges against Mr. Hanson for using a deadly weapon against him and threatening his life, but Officer Moore did nothing. *See* Compl. ¶ 9. The alleged attack seems to have been the incident at issue in the criminal proceedings – *i.e.*, where Mr. Garcia was charged with driving his car at Mr. Hanson, but Mr. Garcia claimed that, during the incident, Mr. Hanson actually attacked and/or threatened him.

(4) *Officer Hess.* According to Mr. Garcia, in 2002, there was an incident in which Mr. Hanson drove his car at Mr. Garcia's father and his dog. Officer Hess took the police report for the incident, but nothing ever happened; Officer Hess said that there was "no evidence." Compl. ¶ 10; *see also* Docket No. 12, at 3 (report authored by Mr. Garcia).

(5) *Mr. Marks.* Mr. Garcia alleges that, after the Napa earthquake in 2014, he needed to fix the foundation on his house and a Napa building inspector approved his permit. Mr. Garcia then had his foundation fixed. Subsequently, he received a letter from the city stating that the foundation was not sufficient to support the house and the house was deemed unsafe. In November 2018, Mr. Marks, whose title is Deputy Chief Building Official, sent an email to Mr. Garcia, in which he stated, *inter alia*: "[T]he property needs to be in safe condition, and as you know, the foundation issue has not been taken care of. In fact, the California State License Board investigated the foundation and determined that the foundations would not support the building as it sits. [¶] *Occupancy of the house is unlawful in its current state.* It was deemed an unsafe structure after the 2014 Napa Earthquake, and it was ordered not to be occupied

1 until repairs were made. [¶] So, just so you are clear, the inspection that was done by
2 Marie Taylor back in 2016 is not valid and until the foundation is repaired under a new
3 permit, or the house is lowered to its original state, no permits can be issued. This is a
4 safety requirement that cannot be waived." Docket No. 1, at 99 (email) (emphasis in
5 original).

After Mr. Garcia filed his complaint, Judge Laporte granted his application to proceed in forma pauperis. Thereafter, she issued a report and recommendation in which she recommended that the claims against Judge Boessenecker, DDA Van Camp, Officer Moore, and Officer Hess be dismissed with prejudice. She further recommended that the claims against Mr. Marks be dismissed but with leave to amend. *See* Docket No. 6 (R&R at 3). Mr. Garcia did not file any objections to the report and recommendation, although he did file some additional exhibits in support of his complaint.

The Court has reviewed the report and recommendation as well as the additional exhibits filed by Mr. Garcia. The exhibits do not affect Judge Laporte's analysis. The Court finds Judge Laporte's report and recommendation thorough, complete, and well reasoned and therefore adopts it in every respect. Accordingly, the Court orders that the claims against Judge Boessenecker, DDA Van Camp, Officer Moore, and Officer Hess be dismissed with prejudice. The claims against Mr. Marks are also dismissed. However, the Court shall give Mr. Garcia an opportunity to file an amended complaint **as to Mr. Marks only**. The Court advises Mr. Garcia that, in the amended complaint, he should clearly and specifically state what the alleged wrongdoing of Mr.

///
///
///
///
///
///
///
///

3

Marks was.  Mr. Garcia should also identify what legal rights were violated as a result.  Mr. Garcia shall have until March 20, 2019, to file an amended complaint.  **If Mr. Garcia does not file an amended complaint by this date, then the Clerk of the Court shall automatically dismiss all claims against Mr. Marks with prejudice and close the file in the case.**

This order disposes of Docket No. 6.

**IT IS SO ORDERED**.

Dated: February 12, 2019

_____
EDWARD M. CHEN
United States District Judge

4