UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO BAUER GARCIA, et al., Plaintiffs, v. MARK BOESSENECKER, et al., Defendants. | Case No. 19-cv-00003-EMC **ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE** Docket Nos. 15-16 |

Previously, the Court adopted Judge Laporte's report and recommendation, issued as part of a review under 28 U.S.C. § 1915(e). *See* 28 U.S.C. § 1915(e)(2) (providing that a court "shall dismiss the case" if it determines that the action is, *e.g.*, frivolous or fails to state a claim on which relief may be granted). More specifically, the Court dismissed with prejudice the claims against Judge Boessenecker, DDA Van Camp, Officer Moore, and Officer Hess but gave Mr. Garcia an opportunity to file an amended complaint against Mr. Marks only. *See* Docket No. 13 (order). Mr. Garcia timely filed an amended complaint. The Court reviews that pleading under § 1915(e).

The amended complaint provides more allegations about Mr. Garcia's longstanding dispute with his neighbor Mr. Hanson and the police's favorable treatment of Mr. Hanson (over Mr. Garcia and his father). The amended complaint also contains new allegations that Mr. Garcia's criminal defense attorney (Mr. Higgins, a public defender) improperly failed to introduce evidence "against the alleged victim [Mr.] Hanson" during the state court criminal proceedings against Mr. Garcia. Am. Compl. at 2. Finally, the amended complaint contains new allegations that Mr. Garcia's father was defrauded out of an inheritance. The amended complaint contains no allegations related to Mr. Marks.

The only amendment permitted by the Court was with respect to claims against Mr. Marks.

Because Mr. Garcia has failed to make any allegations against Mr. Marks, all claims against Mr. Marks are dismissed with prejudice.

As to the new allegations in the amended complaint, they are improper because they are beyond the scope of the amendment permitted by the Court. However, even if the Court were to consider the allegations – *e.g.*, if Mr. Garcia were to ask the Court to reconsider its prior order – they do nothing to change the Court's prior analysis as to Judge Boessenecker, DDA Van Camp, Officer Moore, and Officer Hess. To the extent Mr. Garcia has suggested he now seeks to add a claim against his public defender for malpractice, *see Zamarron v. Brennan*, No. C 91 20443 JW, 1992 U.S. Dist. LEXIS 13662, at *3 (N.D. Cal. May 12, 1992) (noting that a § 1983 claim for ineffective assistance of counsel is not viable against a public defender because "[p]ublic defenders do not act under color of state law when acting as attorneys for criminal defendants"; citing *Polk County v. Dodson*, 454 U.S. 312 (1981)), or some kind of fraud claim against those who defrauded his father out of an inheritance, the Court declines supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(2) (providing that a court may decline supplemental jurisdiction where all claims over which there was original jurisdiction have been dismissed). Thus, the Court has no jurisdiction over such new claims.

For the foregoing reasons, the Court dismisses the amended complaint with prejudice. The Clerk of the Court is instructed to enter a final judgment in accordance with the above and close the file in the case.

**IT IS SO ORDERED**.

Dated: March 22, 2019

_____
EDWARD M. CHEN
United States District Judge